# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THE FRESH GROUP, LTD.,

    Plaintiff,

  v.              Case No. 23-CV-307

ELKAY PLASTICS CO., INC.,

    Defendant.

## DECISION AND ORDER

Defendant Elkay Plastics Co., Inc. ("Elkay") has filed a motion to dismiss plaintiff The Fresh Group, Ltd.'s ("TFG") complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), arguing that this court lacks personal jurisdiction over it and is an improper venue. (ECF No. 7 at 8-16.)

Elkay also directs this court's attention to a substantially similar declaratory judgment action, *Elkay Plastics Co., Inc. v. The Fresh Group, Ltd.*, No. 23-cv-553 (C.D. Cal.) (hereinafter referred to as the "California Action"), which it filed against TFG in the Central District of California approximately a month before TFG filed its complaint in this court. (ECF No. 7 at 17.) Elkay argues that, because the California Action was filed first, involves the same parties, and concerns substantially similar issues, this court

should dismiss this action because it violates the first-to-file rule and related principles of comity and efficiency. (ECF No. 7 at 16-22.) Alternatively, Elkay asks that this court transfer this case to the Central District of California. (ECF No. 7 at 1.)

In responding to Elkay's motion to dismiss, TFG claims to "dispute[] Elkay's assertion that jurisdiction and venue are improper in the Eastern District of Wisconsin." (ECF No. 12 at 4.) But TFG does not explain in what way jurisdiction and venue are proper here, instead stating that additional "preliminary discovery" would be necessary for it to do so. (ECF No. 12 at 4.) Rather than devote time and expense arguing that this court is a proper forum for its claims, TFG instead argues that this court should "put an end to [the] battle of where to hear this suit" and requests transfer to the Northern District of Illinois (where Elkay apparently "has a regular established place of business"). (ECF No. 12 at 4.) TFG also argues that transfer to the Central District of California is inappropriate because that court lacks personal jurisdiction over it—and explains that its own motion to dismiss for lack of personal jurisdiction is currently pending in the California Action. (ECF No. 12 at 9-11.)

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotations, ellipsis, and citation omitted). Because Elkay is not a Wisconsin resident (ECF No. 1 at ¶ 2), this court has personal jurisdiction over it only if a Wisconsin state court would. *See Purdue Rsch.*

2

*Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

Wisconsin courts employ a two-step inquiry to determine whether personal jurisdiction may be exercised over nonresident defendants. First, the court determines whether a defendant meets any of the criteria for personal jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Kopke v. A. Hartrodt, S.L.R.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 408, 629 N.W.2d 662, 667. "If the statutory requirements are satisfied, the court then considers whether the exercise of jurisdiction comports with due process requirements." *Id.* The due process inquiry involves two steps: "First, the court determines whether the defendant purposefully established minimum contacts in the forum State…. Next, the court considers those contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Marvel Mfg. Co. Inc. v. Koba Internet Sales, LLC*, No. 11-C-961, 2012 WL 2466772, at *3 (E.D. Wis. June 27, 2012) (internal quotations and citations omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 320 (1945))).

As a plaintiff opposing a Rule 12(b)(2) motion to dismiss, TFG bears the burden of demonstrating that this court has personal jurisdiction over Elkay. *Purdue*, 338 F.3d at 782. Because the court resolves this motion on written materials only, TFG need only make a prima facie case of personal jurisdiction. *Id.* In evaluating whether TFG has done

so, the court starts with the allegations in the complaint, determining whether sufficient facts have been plead to support this court's exercise of personal jurisdiction. *Id.* But where "the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783.

> TFG bases jurisdiction on the following allegations in the complaint:
>
> Upon information and belief Elkay has directed business to and transacted business in Wisconsin and in this judicial district by virtue of, among other things, the activities it has taken by and through its website at https://www.lkpkg.com/s/ and by selling goods to retailers in Wisconsin.
>
> Upon information and belief, Elkay has also directed its sales efforts into Wisconsin by participating in trade shows where it seeks orders for its goods, which trade shows are attended by buyers for Wisconsin businesses.

(ECF No. 1 at ¶¶ 9-10.)

Elkay disputes these allegations and claims that it lacks sufficient minimum contacts in Wisconsin. As support for that claim Elkay has submitted a declaration from its Product Manager, Doron Chertkow. (ECF No. 8.) Chertkow attests that Elkay has not made any direct sales in Wisconsin, has not sought orders for its products from Wisconsin businesses at trade shows, does not have any offices, distribution centers, or facilities in Wisconsin, and does not sell its products directly to customers. (ECF No. 8 at ¶¶ 5-8.) Chertkow further explains that only Elkay's authorized distributors and

customers can order its products via its website, and that it does not control to whom they sell the products. (ECF No. 8 at ¶ 7-8.)

With the Chertkow declaration rebutting the complaint's jurisdictional allegations, TFG must "similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (citing *Purdue*, 338 F.3d at 782). In other words, to meet its burden TFG must submit *some* evidence showing that Elkay has Wisconsin contacts which confer personal jurisdiction—for example, evidence that Elkay targets Wisconsin customers or attends and solicits business at Wisconsin tradeshows. But TFG did not submit any such evidence. Nor has it developed any argument why this court's exercise of personal jurisdiction over Elkay comports with Wisconsin's long-arm statute or due process. As such, the court finds that TFG has not met its burden and will grant Elkay's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

**IT IS THEREFORE ORDERED** that the defendant's motion to dismiss (ECF No. 6) is **granted**. The Clerk is directed to enter judgment dismissing plaintiff's case without prejudice for lack of personal jurisdiction.

Dated at Milwaukee, Wisconsin this 9th day of June, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge